Filed 4/13/22  P. v. Martinez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SERGIO MARTINEZ,<br><br>        Defendant and Appellant. | C094243<br><br>(Super. Ct. No. 16F5596) |

In October 2015, police found the victim dead inside his home.  Marijuana and money had been stolen from him.  There was evidence placing defendant Sergio Martinez and four other men at or near the home at the time.

Later that month, five men wearing U.S. Drug Enforcement Agency type uniforms robbed six adults and two children at gunpoint in a home.  Guns and marijuana were stolen.  Defendant's DNA was later found on one of the uniforms, and cell phone records placed defendants and the four other men near the area of the robbery.  The next day, defendant and another man robbed a hydroponics store at gunpoint.  They were wearing U.S. Drug Enforcement Agency type uniforms during the robbery and stole cash and a marijuana trimmer.

1

Defendant was charged with 38 counts related to the robberies and murders, as follows:  murder; three counts of conspiracy to commit residential robbery in concert; six counts of residential robbery in concert; three counts of first degree residential burglary; two counts of assault with a firearm; six counts of false imprisonment by violence; two counts of kidnapping for robbery; cutting a utility line; conspiracy to commit second degree robbery; four counts of second degree robbery; three counts of assault with a semiautomatic firearm; unlawful driving or taking of a vehicle; attempted residential robbery in concert; attempted first degree residential burglary; two counts of attempted murder; and kidnapping for robbery.  It was further alleged defendant committed the murder during a robbery, committed the murder during a first degree burglary, used a deadly weapon while committing the crimes, had prior strikes, had a prior serious felony, and had a prior prison term.  Gun enhancements were also alleged.

In 2017, three other men were convicted of crimes related to the incidents.

In March 2021, defendant pled no contest to various counts.  He admitted a gun use enhancement as to two counts.  All but one of the remaining counts were dismissed with a *Harvey*[1] waiver.  The parties stipulated to a 50-years-to-life aggregate prison sentence.

Later that month, the trial court sentenced defendant to 24 years to life plus 26 years consecutive (or 50 years to life).  The trial court also imposed the following fees and fines:  (1) a $280 court operations assessment; (2) a $210 criminal conviction assessment; and (3) a $10,000 restitution fine and a corresponding $10,000 parole revocation fine (suspended unless parole is revoked).

In May 2021, over defendant's objection, the trial court imposed the following victim restitution, joint and severable as to the three other individuals convicted of crimes

---

[1]     *People v. Harvey* (1979) 25 Cal.3d 754.

2

related to the robberies/burglaries and attempted murder: (1) $10,718.12, to the Victim Compensation Board; (2) $28,880 to victim J. Y.; (3) $10,000 to victim N. Y.; (4) $65,800 to victim B. Y.; (5) $75,600 to victim C. Y.; (6) $20,000 to victims C. Y. and B. Y.; (7) $27,000 to victim R. R.; (8) $9,600 to victim Bare Roots/R. E.; (9) $75,180 to victim M. H.; (10) $300 to victim M. S.; and (11) $500 to victim T. T. (§ 1202.4, subd. (f).) The court awarded presentence credits. The court also found defendant did not have the ability to pay the base fine, the court operations assessment, or the criminal conviction assessment.

Defendant did not seek a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Duarte, J.

/s/
Renner, J.